UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
MARINA FALDAMIS,

                         Plaintiff,

    -against-

DANIEL TRANSPORT, INC., FREDDIE LAVERNE
RICHARDS, NICOLE CARTER, and GAYLE
HARGROVE,

                         Defendants.
------------------------------------------------------------------ X

05 CV 214 (ARR)

NOT FOR ELECTRONIC
OR PRINT
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

Plaintiff Marina Faldamis ("plaintiff" or "Faldamis") commenced this personal injury action on November 24, 2004, alleging that defendant Daniel Transport, Inc. ("Daniel Transport"), defendant Freddie Laverne Richards ("Richards"), and defendant Nicole Carter ("Carter"), who was operating a vehicle owned by defendant Gayle Hargrove ("Hargrove"), negligently caused an accident on August 1, 2003, resulting in injuries to plaintiff. Presently before the court is defendants Carter and Hargrove's motion for summary judgment on the issue of liability. For the reasons set forth below, the motion is denied.

## BACKGROUND

For the purposes of this summary judgment motion, the parties do not contest the basic facts surrounding the accident at issue. On the evening of August 1, 2003, the parties were involved in a motor vehicle accident on the Major Deegan Expressway on the ramp towards the George Washington Bridge. (Pl. Dep. at 7-8; Def. Carter Dep. at 6, 9.) The accident involved a

1

chain reaction collision of three vehicles. The first vehicle involved in the accident was a Mercury, owned and operated by plaintiff's husband. (Pl. Dep. at 7.) Plaintiff was a passenger in the vehicle at the time of the accident. (Id.) Immediately behind the Mercury was Hargrove's vehicle, a 1996 beige Toyota Camry, which was driven by Carter. (Def. Carter Dep. at 6-7.) The third vehicle in the chain was a truck, owned by Daniel Transport and operated by Richards. (See id. at 12; Defs. Ex. D, "Police Accident Report.")

Plaintiff's vehicle was stopped for "[q]uite a long time" due to heavy traffic on the expressway. (Pl. Dep. at 10.) Prior to the accident, Carter observed that all the vehicles in her vicinity, including her vehicle, plaintiff's vehicle, and the Daniel Transport truck were stopped. (Def. Carter Dep. at 13-14.) Carter estimated that her vehicle was stopped approximately ten feet behind plaintiff's vehicle. (Id. at 14-15.) Carter testified that her vehicle was struck twice in the rear by the Daniel Transport truck and that the two impacts to her vehicle were separated by approximately two seconds. (Id. at 15.) She further testified that the first impact caused her vehicle to go forward by less than ten feet and that her vehicle hit the rear of plaintiff's vehicle as a result. (Id. at 17.) In addition, Carter testified that her vehicle hit the rear of plaintiff's vehicle after she was struck again by the Daniel Transport truck. (Id. at 16-17.) Plaintiff testified that her vehicle was hit ten times in the rear, (Pl. Dep. at 9-10), but that she was unaware of the sequence of collisions that occurred among the vehicles behind her vehicle, (Pl. Aff. ¶ 4.)

On November 24, 2004, plaintiff filed a complaint in state court alleging negligence against defendants and seeking damages in the amount of $2 million. Defendants removed the instant action to federal court on January 12, 2005.

# DISCUSSION

A. <u>Standard of Review for Summary Judgment</u>

Under Rule 56, summary judgment is proper if the pleadings, depositions, answers, interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party," and facts are material to the outcome of the litigation if application of the relevant substantive law requires their determination. See <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 248 (1986). The moving party has the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine issue of material fact." <u>Celotex Corp. v. Cartrett</u>, 477 U.S. 317, 323 (1986). The substantive law determines the facts that are material to the outcome of a particular litigation. See <u>Anderson</u>, 477 U.S. at 250; <u>Heyman v. Commerce & Indus. Ins. Co.</u>, 524 F.2d 1317, 1320 (2d Cir. 1975). In determining whether summary judgment is appropriate, a court must resolve all ambiguities, and draw all reasonable inferences against the moving party. See <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88 (1986) (citing <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962)).

If the moving party meets its burden, the burden then shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." <u>Matsushita</u>, 475 U.S. at 586. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for

summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. Only when it is apparent that no rational finder of fact "could find in favor of the non-moving party because the evidence to support its case is so slight" should summary judgment be granted. Gallo v. Prudential Residential Servs. Ltd. Partnership, 22 F.2d 1219, 1223 (2d Cir. 1994).

B. <u>Defendants Carter and Hargrove's Liability</u>

Defendants Carter and Hargrove argue that no reasonable juror could conclude that Carter was operating her vehicle negligently when the accident occurred. Specifically, they argue that the record shows that the Daniel Transport truck hit the rear of Carter's stopped vehicle, which in turn struck the rear of plaintiff's vehicle, thus creating a prima facie case of negligence on the part of Daniel Transport and Richards. In response, plaintiff contends that the evidence of multiple impacts to the rear of her vehicle creates a material issue of fact with regard to whether Carter operated her vehicle in a negligent manner at the time of the accident.

Under New York law, "[a] rear-end collision with a stopped or stopping vehicle creates a prima facie case of liability with respect to the operator of the rear vehicle, requiring a nonnegligent explanation for the collision." Egerton v. New York City Board of Education, 19 A.D.3d 639 (2d Dep't 2005). It is uncontroverted that plaintiff's vehicle was at a stop at the time of the accident. Plaintiff testified that her vehicle was at a complete stop for a long time before the accident. (Pl. Dep. at 10.) Carter, whose vehicle was directly behind plaintiff's vehicle, corroborated plaintiff's account when she testified that she observed the cars in her vicinity at a complete stop. (Def. Carter Dep. at 13-14.) Carter also testified that her vehicle was at a complete stop just prior to the accident. (Id.) However, the number of times plaintiff's vehicle

was struck from behind is disputed. Plaintiff testified that the rear of her vehicle was struck approximately ten times. (Pl. Dep. at 9-10.) Carter testified that the Danny Transport truck hit her twice, causing her to hit the rear of plaintiff's vehicle twice. (Def. Carter Dep. at 15.) Although Carter's testimony is sufficient to establish a prima facie case that she and Hargrove are entitled to summary judgment, plaintiff's testimony that she felt ten impacts from the rear is sufficient to raise a material issue of fact with regard to whether plaintiff's vehicle was struck by Carter's vehicle prior to the chain collision. See Viggiano v. Camara, 673 N.Y.S.2d 714 (2d Dep't 1998).

In sum, viewing the evidence in the light most favorable to plaintiff and drawing all reasonable inferences in her favor, the court is not able to conclude that no reasonable juror could find that Carter and Hargrove acted negligently. The court must therefore deny Carter and Hargrove's motion for summary judgment on the issue liability.

## CONCLUSION

For the reasons stated above, defendants Carter and Hargrove's motion for summary judgment is denied.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: July 24, 2006
Brooklyn, New York

SERVICE LIST:

<u>Attorney for Plaintiff</u>
Philip Aiello
Ateshoglou & Aiello PC
381 Park Avenue South
New York, NY 10016

<u>Attorney for Defendants Nicole Carter and Gayle Hargrove</u>
Alison D. Metzler
Downing & Peck, P.C.
5 Hanover Square
New York, NY 10004

<u>Attorney for Defendants Daniel Transport and Freddie Laverne Richards</u>
John Cooper Lane
Law Offices of John C. Lane
The Grace Building
191 Godwin Ave
Wyckoff, NJ 07481


cc: Magistrate Judge Ramon E. Reyes, Jr.